[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: WHETHER PLAINTIFF AS LANDLORD MAY MAINTAIN AN ACTION IN SUMMARY PROCESS AGAINST DEFENDANT TENANT WHERE ALL OWNERS DO NOTAGREE
The issue in this case is whether a person who has a two-thirds interest in real property fits the definition of the term "the owner" as used in C.G.S. § 472-23 and is therefore authorized to bring a summary process action when an owner of the remaining interest opposes bringing such an action. If the answer is in the negative standing clearly would be implicated.
On or about July 25, 1995, plaintiff T.D.B. International became the owner of a two-thirds, undivided interest in real property located at 1750 Highland Avenue, Waterbury, Connecticut.[1]
Sometime after June 12, 1995, but before July 25, 1995, the defendant entered into an oral, one year lease with the prior owners, Jo, Marie and Carmine Fidanza, for the rear building of 1750 Highland Avenue. After the conveyance of a two-thirds interest to plaintiff, T.D.B. International, Carmine Fidanza, now Fidanza herein, retained the remaining one-third share.
The plaintiff has brought this summary process action seeking possession of the premises. Plaintiff claims that defendant's month-to-month lease has terminated pursuant to Conn. Gen. Stat. § 47a-23 (a)(1)(A), 47a-23 (a)(2), and 47a-23
(a)(3).[2] Therefore, plaintiff argues that, as an owner, it conveyed the two-thirds interest, he quit claimed his two-thirds interest to the plaintiff. The court notes that the original is entitled to maintain an action in summary process to regain possession of the rear building at 1750 Highland Avenue. CT Page 2852
Conversely, Fidanza asserts that plaintiff has no right to maintain an action in summary process for the following reasons 1) plaintiff has only a two-thirds interest in the property and 2) the owner of the other one-third interest is opposed to this summary process action. Without his consent, Fidanza claims, plaintiff's notice to quit is defective because its issuance is not authorized by all of the owners of the property. Therefore, Fidanza argues, an invalid notice to quit deprives this court of jurisdiction.
STANDARDS FOR MAINTAINING A SUMMARY PROCESS ACTION
The standards for summary process are found in statute and case law. "The applicable principles of Connecticut law are codified in General Statutes [Sec.] 47a-23 . . ." JeffersonGarden Associates v. Greene, 202 Conn. 129. 132 (1987). InJefferson Garden Associates v. Greene, the court noted that "`[t]he remedy of summary process is available only when there is a lease and it has been terminated.'" Id. at 143 (quotingJo-Mark Sand and Gravel Co. v. Pantanella, 139 Conn. 598, 600-601
(1953). Furthermore, a valid notice to quit is a necessary prerequisite to the termination of a lease and therefore to the jurisdiction of this court. Lampasona v. Jacobs, 209 Conn. 724,728, cert. denied 492 U.S. 919 (1989). "[B]efore a landlord may pursue its statutory remedy of summary process under [Sec.] 47a-23, the landlord must prove its compliance with all the applicable preconditions set by state and federal law for the termination of a lease." Jefferson Garden Associates, supra, 143. Necessarily, the statute must be strictly followed and narrowly construed. Id.
 Owner as defined in Conn. Gen. Stats. Sec. 47a-23
Because case law provides no fixed meaning for the word "owner"[3] as used in Conn. Gen. Stat. Sec. 47a-23,[4] its meaning must be "interpreted in its context and according to the circumstances in which it is used." Warren v. Borawski,130 Conn. 676, 679 (1944). When interpreting a statute that is unclear or ambiguous, the court must look to generally accepted rules of statutory construction. Clearly, if the language of the statute is plain and unambiguous, the court needs to look no further than the text itself. However, where there is a question as to the meaning of a pivotal word, it is the court's duty to interpret the statute in the manner that the legislature intended. In doing so, the court must give effect to all of the CT Page 2853 statute's provisions.
Research into the legislative history of the statute provided no fruitful results, and so the court must address the language of the statute, as well as its underlying policy. In construing a statute, the court is bound by what the legislature actually said in the statute. It must be assumed that no word used in the statute is superfluous.
Applying this construction to the case at bar, the court looks to the wording of Conn. Gen. Stat. Sec. 47a-23. The critical word in the statute is "owner," and it follows that the word which describes "owner" is also of importance. The statute provides that "[w]hen the owner . . . desires to obtain possession . . ." it may do so as long as it follows the requirements of Conn. Gen. Stat. Sec. 47a-23. Plaintiff argues that "an" owner may maintain an action in summary process because "nowhere in the summary process statutes or the case law is it required to have 100% of all owners in agreement or their permission to bring a summary process action." Plaintiff's Memorandum of Law in Support of Judgment for Possession, 4. This court disagrees. While in some situations, the term "owner" may mean one of several vested parties, the court finds that under Conn. Gen. Stat. Sec. 47a-23, "owner" means unanimity of the interests of the owners of the property.
The legislature must have felt it necessary to use "the" to modify "owner" of it would have used another word. Black's Law Dictionary defines "the" as "[a]n article which particularizes the subject spoken of[.]" and notes that "'[t]he most unlettered persons understand that `a' is indefinite, but `the' refers to a certain object.'" Black's Law Dictionary, supra, 1324. Given the particular meaning of "the," it is clear that the statute's language, "the owner," refers to an inclusive group which by definition connotes unanimity of interest.[5]
This finding is further supported by using a common sense approach in construing the statute. Because the statute is aimed at providing possession of real property to those entitled to it, it follows that all owners have an interest in the disposition of the property. To effectuate the statutory intent, it is imperative that all of the owners act as one when bringing a summary process action. Only with a consensus can all the owners unanimity of interest be represented. Therefore, the act of one owner against the wishes of the other owners, CT Page 2854 clearly goes against the statutory purpose of insuring that the owners decide how the property should be utilized.
This court finds that the plaintiff does not fit the definition of the term "the owner" under Conn. Gen. Stat. Sec.47a-23, and therefore, the plaintiff's notice to quit served on the defendant is invalid.[6] Moreover, the plaintiff lacks standing to maintain this action. Inasmuch as the foregoing reasons and authorities support the absence of jurisdiction of this court to consider this case further, this case is dismissed.
CLARANCE J. JONES, J.